FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

AUG 23 2010

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

CARLIE CHRISTENSEN, United States Attorney (#633)
CAROL A. DAIN, Assistant United States Attorney (#10065)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| | | Case No. 2:08 CR 618 CW |
| Plaintiff, | : | |
| | | STATEMENT BY DEFENDANT IN |
| vs. | : | ADVANCE OF PLEA OF GUILTY |
| KENT C. STAHELI, | : | |
| | | Hon. Clark Waddoups |
| Defendant. | : | |

---

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1. As part of this agreement with the United States, I intend to plead guilty to Counts 1 and 2 of the Information. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me. The elements of Count 1, a violation of 18 U.S.C. 2425, Transmission of the name of a Minor for purposes of Enticement:

   1. That I used a facility of interstate commerce; specifically the internet;

   2. That I knowingly initiated a transmission of the name or electronic mail address of another individual, knowing that individual had not attained the age of 16 years; and

   3. That I had the intent to entice, encourage, offer, or solicit any person, to engage in sexual activity for which I could be charged with a criminal offense, or I attempted to do so.

The elements of Count 2, a violation of 18 U.S.C. § 2252A(a)(5)(B), Distribution of Child Pornography are:

> 1. That I knowingly distributed any videotape, computer disk, computer files or any other material;
>
> 2. That contained images of Child Pornography;
>
> 3. The image of child pornography has been mailed, or shipped, or transported in interstate commerce by any means including computer, or had been produced with materials from interstate commerce.

    2(a).   I know that the maximum possible penalty provided by law for Count I of the Information, a violation of 18 U.S.C. § 2425, Transmission of the name of a Minor for purposes of Enticement, is a term of imprisonment of up to five years, a fine of up to $250,000 and a term of supervised release of up to life.

    2(b).   I know that the maximum possible penalty provided by law for Count II of the Information, a violation of 18 U.S.C. § 2252A(a)(2)(A), Distribution of Child Pornography, is a maximum a term of imprisonment of up to twenty years, a mandatory minimum term of 60 months, a fine of up to $250,000, and a term of supervised release of up to life. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

    Additionally, I know the court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offense shall be ordered pursuant to 18 U.S.C. § 2259. I have also subjected real and personal property to forfeiture pursuant to 18 U.S.C. § 2253(a)(3), namely, two HP Pavilion laptop computers, an Olympus digital camera, two cell phones, two jump drives, and a SanDisk player, because the property was used or intended to be used to commit or to promote the commission of 18 U.S.C. § 2252A(a)(5)(B).

    3.     I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea for that reason. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not agree to the Rule 11(c)(1)(C) agreement.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

>(a) I have a right to the assistance of counsel at every stage of the proceeding.
>
>(b) I have a right to see and observe the witnesses who testify against me.
>
>(c) My attorney can cross-examine all witnesses who testify against me.
>
>(d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.
>
>(e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.
>
>(f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.
>
>(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.
>
>(h) It requires a unanimous verdict of a jury to convict me.
>
>(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that the United States may only appeal if the acceptance of the plea and sentence is contrary to terms in the of the plea agreement entered pursuant to Rule 11(c)(1)(C) and that 18 U.S.C. § 3742(b) otherwise sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

> Between June 10, 2008 and September 3, 2008, in the Central Division of the District of Utah, using a facility of interstate commerce, the internet, I knowingly transmitted the name of a minor, who was in fact an undercover officer, posing as a 13 year old girl. I believed that this minor was 13 years old at the time of the transmissions. In the transmissions I specifically suggested that the minor and I engage in sexual intercourse if we met. In these transmissions I intended to entice, encourage, offer or solicit, the minor to engage in sexual activity for which I could be charged with a criminal offense under Utah law. These actions were done in violation of 18 U.S.C. § 2425.

> On or about July 7, 2008, in the Central Division of the District of Utah, I distributed an image of child pornography via the internet from my computer in the district of Utah. This image involved a depiction of a prepubescent minor. I know that these images transferred across state lines because they were transported via the Internet. These actions were done in violation of 18 U.S.C. § 2252A(a)(2).

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

   A. The defendant agrees:

   (1) I will plead guilty to Counts 1 and 2 of the Information;

   (2) That under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: the location of the my residence, the location of my employment; and, if I am a student, the location of my school. Registration will require that I provide information that includes name, residence address, and the names and addresses of any places at which I am or will be an employee or a student. I understand that I must update my registrations not later than three

business days after any change of name, residence, employment, or student status. I understand that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

(3)(a) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report;

(3)(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255;

(3)(c) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver;

(3)(d) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution;

(4) To prepare my Pre-Sentence Report, I acknowledge that the United States Probation Office will ask me to complete the "Probation 48 Financial Packet" and to provide supporting documentation for the representations I make therein. I agree to

truthfully and accurately complete the "Probation 48 Financial Packet" and to provide a copy of it and all supporting documentation attached thereto to the United States Probation Office and to the United States Attorney's Office within **three weeks** of my change of plea. I also consent to allowing the United States Attorney's Office to run a credit check on me. I understand that providing false or incomplete information or refusing to provide this information may be used as a basis for: (1) a separate prosecution under 18 U.S.C. § 1001; (2) the denial of a reduction for acceptance of responsibility pursuant to Sentencing Guideline Section 3E1.1; and/or (3) an enhancement of my sentence for obstruction of justice under Sentencing Guideline 3C1.1;

(5)(a) I agree that, pursuant to the provisions of 18 U.S.C. § 2259, and 18 U.S.C. § 3663A(a)(1) and (c)(1), I am obligated to make restitution and the court is obligated to order that I pay it.

(5)(b) I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664, and that under 18 U.S.C. §3664(h), the Court can make me liable for the full amount of restitution owed. I agree to pay all restitution as ordered by the Court. I understand the payment of restitution is governed by 18 U.S.C. §3664, and my lawyer has explained the consequences of an order of restitution.

(5)(c) I understand that the government will recommend, and I agree that the Court should order, that during incarceration my restitution will be payable on a schedule of the greater of $10.00 every three months or 50% of my income in prison from both institution and other sources. I agree to pay restitution during any period of incarceration imposed on me.

(5)(d) I understand and agree that my payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. §3614, the court can resentence me to any sentence which might originally have been imposed in my case.

(6) To help me meet my obligations to pay restitution and/or a fine, I consent to being placed on the Treasury Offset Program and State Finder.

(7)(a) I agree to forfeit all interests in any asset that is related to my offense of conviction that I currently own or over which I exercise control, directly or indirectly, including any property I have transferred, and any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of my offense, including the following specific property:

- Two HP Pavilion Laptops
- Olympus Digital Camera
- Olympus Memory Cards
- Two LG cell phones
- SanDisk player
- SanDisk jump drive
- Memorex jump drive

(7)(b) I warrant that I am the sole owner of all of the property listed above, and agree to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

(7)(c) I further agree to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. I agree to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. I acknowledge that the forfeiture of assets is part of the sentence that may be imposed in this case and waive any failure by the court to advise me of this, pursuant to Rule 11(b)(1)(J), at the time this guilty plea is accepted.

(7)(d) I further agree to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

B. The United States agrees:

(1) To dismiss Count 1 of the Indictment at the time of sentencing.

C. The United States and the Defendant agree:

(1) Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the sentence imposed by the Court will be 84 months imprisonment and further agree that 84 months is a reasonable sentence under 18 U.S.C. 3553.

(2) The defendant and the United States understand that this agreement, including the defendant's plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. The defendant and the United States further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and the parties agree to fully cooperate in the preparation of the Presentence Report.

(3) If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of 84 months and a term of supervised release will be imposed, defendant will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, If the Court rejects the plea agreement and determines that the sentence should be less than 84 months, the United States will have the right to move to vacate this agreement, and the terms of this agreement, including the plea, will become null and void.

(4) The Defendant and the United States agree that all other sentence provisions (e.g. supervised release, restitution, assessments, etc.) will be imposed in accordance with applicable law.

\*       \*       \*       \*

I make the following representations to the Court:

1. I am _52_ years of age. My education consists of _MS Degree_. I _can_ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms and those provisions will be made a part of this agreement. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

2. No one has made threats, promises, or representations to me that have caused me to plead guilty.

3. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea was made, and I am not now under the influence of any drugs, medication, or intoxicants.

7. I have no mental reservations concerning the plea.

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 23rd day of August, 2010.

_____
KENT C. STAHELI
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 23rd day of August, 2010.

_____
DAVID FINLAYSON
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, disclosed to the Court, and there are no other agreements between the defendant and the United States.

DATED this 23rd day of August, 2010.

CARLIE CHRISTENSEN
United States Attorney

_____
CAROL A. DAIN
Assistant United States Attorney