IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>KENT C. STAHELI,<br><br>　　　　　Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:08-cr-0618<br><br>Judge Clark Waddoups |

　　　　This matter is before the court on Defendant Kent C. Staheli's Motion for Early Termination of Supervised Release. On August 23, 2010, Mr. Staheli pled guilty to Count I (Use of Interstate Facility to Transmit Information about a Minor) and Count II (Distribution of Child Pornography) of a Superseding Felony Information. Statement in Advance of Plea, at ¶¶ 1, 11 (ECF No. 43). The court sentenced Mr. Staheli to 84-months imprisonment and a lifetime term of supervised release. Judgment, at 2–3 (ECF No. 49). Mr. Staheli was released from prison on or about January 31, 2017, and has been on supervised release for almost seven years. Although the court recognizes Mr. Staheli's progress and applauds him for it, the court denies Mr. Staheli's motion.

　　　　A court has authority to terminate supervised release early pursuant to 18 U.S.C. § 3583(e)(1) if, when balancing the factors stated in 18 U.S.C. § 3553(a), the court concludes such

relief is warranted. The court has considered Mr. Staheli's motion and the United States' opposition when evaluating each of the § 3553(a) factors.

Mr. Staheli has reported on his conduct while in prison and since his release. Mr. Staheli elected to use his arrest as a turning point in his life. He has engaged in a thoughtful analysis of his life, and has taken steps to avoid his past addictive behaviors. He has held stable employment and has developed strong relationships with his family during his supervised release.

The nature and circumstances of Mr. Staheli's offenses, however, were serious. When considering his conduct, the court has an obligation not just to Mr. Staheli, but "to society in general. The court's decision will affect society in the message it sends about the seriousness of [Mr. Staheli's] crime[s] and in the level of deterrence it provides to others who may consider engaging in similar crimes." *United States v. Zwiebel*, No. 2:06-cr-720-DAK, 2017 U.S. Dist. LEXIS 62059, at *2–3 (D. Utah Apr. 24, 2017). Additionally, recent research has shown that sex offenders are more "likely to commit child pornography offenses," "sexual abuse offenses," and "other sex offenses" as they age. U.S. Sentencing Comm'n, *Older Offenders in the Federal Sys.*, at 19, 24 (July 2022). The research does not mean Mr. Staheli will reoffend in the future. It does mean, though, that situations can change over time. Supervision serves society, and it serves a defendant to help that person have the best outcome following imprisonment.

Prior to his arrest, Mr. Staheli engaged in a serious pattern of misconduct over several months. He also has admitted that he developed an addiction to pornography at a young age. Although Mr. Staheli is now on a better path, taking all factors into consideration, the court concludes that lifetime supervision continues to be an appropriate term of supervision.

DATED this 12th day of October, 2023.

BY THE COURT:

_____
Clark Waddoups
United States District Judge